Case No. 16-15890-CC

# UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

---

### ANTHONY E. RAMOS,

#### Appellant,

#### v.

### JOHN TOMASINO, ET AL.

#### Appellees.

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### District Court Case No: 9:16-cv-80681-BB

---

## RESPONSE BRIEF OF APPELLEES KEVIN TYNAN
## RICHARD LISS, JOHN F. HARKNESS, JR. AND THE FLORIDA BAR

---

BARRY RICHARD
M. HOPE KEATING
GREENBERG TRAURIG, P.A.
101 EAST COLLEGE AVENUE
TALLAHASSEE, FLORIDA 32301
TELEPHONE: (850) 222-6891

**APPELLEES KEVIN TYNAN, RICHARD LISS,
JOHN F. HARKNESS, JR. AND THE FLORIDA BAR'S
CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

The undersigned attorney submits this list of the following individuals/entities having an interest in this litigation:

1.  Bloom, The Honorable Beth, United States District Court, Southern District of Florida

2.  Bondi, The Honorable Pamela Jo, Attorney General, Attorneys for Appellees Tomasino, Pariente, Office of the Clerk of Court of the Florida Supreme Court, and The Florida Supreme Court

3.  Dean, James Joseph, Attorney for Appellee The Florida Board of Bar Examiners

4.  Florida Office of the Attorney General, Attorney for Attorneys for Appellees Tomasino, Pariente, Office of the Clerk of Court of the Florida Supreme Court, and The Florida Supreme Court

5.  Greenberg Traurig, P.A., Attorneys for Appellees Tynan, Liss, Harkness and The Florida Bar

6.  Hall, Thomas D., Appellee

7.  Harkness, John F., Jr., Appellee

8.    Keating, M. Hope, Attorney for Appellees Tynan, Liss, Harkness and The Florida Bar

9.    Liss, Richard, Appellee

10.   Messer Caparello, P.A., Attorneys for Appellee The Florida Board of Bar Examiners

11.   Moody, Michael H., Attorney for Appellees Tynan, Liss, Harkness and The Florida Bar

12.   Office of the Clerk of Court of the Florida Supreme Court, Appellee

13.   Pariente, The Honorable Barbara, Appellee

14.   Ramos, Anthony, Appellant

15.   Richard, Barry, Attorney for Appellees Tynan, Liss, Harkness and The Florida Bar

16.   Telfer, Robert J. III, Attorney for Appellee The Florida Board of Bar Examiners

17.   The Florida Bar, Appellee

18.   The Florida Board of Bar Examiners, Appellee

19.   The Florida Supreme Court, Appellee

20.   Tomasino, John R., Appellee

21.   Tynan, Kevin,  Appellee

22.     Weaver, Shane, Attorney for Attorneys for Appellees Tomasino,

Pariente, Office of the Clerk of Court of the Florida Supreme Court, and

The Florida Supreme Court


<u>s/M. Hope Keating</u>

**STATEMENT REGARDING ORAL ARGUMENT**

Appellees Kevin Tynan, Richard Liss, John F. Harkness, Jr. and The Florida Bar do not request oral argument.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons ..........................................................................C-1

Statement Regarding Oral Argument ......................................................................i

Table of Authorities ............................................................................................iv

Statement of Jurisdiction.....................................................................................1

Statement of the Issues........................................................................................1

Statement of the Case..........................................................................................1

Statement of the Facts .........................................................................................1

The Course of Proceedings and Disposition in the Court Below .............................6

Standard or Scope of Review................................................................................7

Summary of Argument ........................................................................................7

Argument ...........................................................................................................8

    I.    The District Court Correctly Dismissed Ramos's Complaint with
    Prejudice........................................................................................................8

        A. The Florida Bar Defendants Have Immunity From the Sherman
           Act Pursuant to *Parker v. Brown* ...............................................8

        B. Ramos's Action is Barred by *Rooker-Feldman* .....................................14

        C. The Florida Bar Defendants are Immune From Suit
           Pursuant to the Eleventh Amendment .................................................20

        D. The Florida Bar Defendants Are Protected by
           the Doctrine of Absolute Immunity.....................................................22

Conclusion ................................................................................................24

Certificate of Compliance .........................................................................24

Certificate of Service ................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

*Allstate Ins. Co. v. W. Va. State Bar,*
233 F.3d 813 (4th Cir. 2000) ............................................................16

*In re Anthony E. Ramos,*
860 A.2d 843 (D.C. Ct. App. 2004)......................................................1

*Askew v. DCH Reg'l Health Care Auth.,*
995 F.2d 1033 (11th Cir. 1993), *cert. denied*, 510 U.S. 1012 (1993) .................9

*Bates v. State Bar of Ariz.,*
433 U.S. 350 (1977)...........................................................................9

*Berman v. Fla. Bd. of Bar Exam'rs,*
794 F.2d 1529 (11th Cir. 1986) ........................................................15

*Bolt Halifax Hosp. Med. Ctr.,*
851 F.2d 1273 (11th Cir. 1988), *vacated*,
891 F.2d 810 (11th Cir. 1990) ..........................................................13

*Brown v. The Fla. Bar,*
243 F. App'x 552 (11th Cir. 2007)....................................................20

*Cal. Retail Liquor Dealers Ass'n,*
445 U.S. 97 (1980)...........................................................................13

*Carroll v. Gross,*
984 F.2d 392 (11th Cir.), *cert. denied*,
510 U.S. 893 (1993)...............................................................11, 23

*Cassell v. India,*
964 So. 2d 190 (Fla. 4th DCA 2007)..................................................23

*Cate v. Oldham,*
707 F.2d 1176 (11th Cir. 1983) ........................................................21

*Cole v. Owens,*
766 So. 2d 287 (Fla. 4th DCA 2000),
*rev. denied,* 767 So. 2d 455 (Fla. 2000)...........................................22

*Corbin v. Supreme Court of Fla.,*
    233 F. App'x 917 (11th Cir. 2007), *cert. denied,* 552 U.S. 1111 (2008) ...........15

*D. C. Court of Appeals v. Feldman,*
    460 U.S. 462 (1983).................................................................14, 19

*Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass'n,*
    152 So. 2d 723 (Fla. 1963) .............................................................10

*Dale v. Moore,*
    121 F.3d 624 (11th Cir. 1997) ....................................................14, 15

*Edelman v. Jordon,*
    415 U.S. 651 (1974)......................................................................20

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
    544 U.S. 280 (2005)......................................................................14

*Fla. Bar v. Ramos,*
    703 So. 2d 478 (Fla. 1997) ...............................................................1

*Fla. Bar v. Ramos,*
    717 So. 2d 540 (Fla. 1998) ...............................................................1

*Fla. Ass'n of Rehab. Facilities v. State of Fla. Dep't
of Health and Rehab. Servs.,*
    225 F.3d 1208 (11th Cir. 2000) .......................................................21

*Foley v. Ala. State Bar,*
    648 F.2d 355 (5th Cir. 1981) .....................................................10, 11

*Geer v. Harkness,*
    134 F. App'x 312 (11th Cir. 2005) ...................................................20

*Goldfarb v. Va. State Bar,*
    421 U.S. 773 (1975).................................................................12, 13

*Goodman v. Sipos,*
    259 F.3d 1327 (11th Cir. 2001) .......................................................15

*Hollins v. Wessel,*
    819 F.2d 1073 (11th Cir. 1987) .......................................................15

*Hoover v. Ronwin,*
466 U.S. 558 (1984)................................................................9, 11, 13

*In re Ramos,* 17 So. 3d 268 (Fla. 2009)........................................1, 2, 18

*Ironworkers Local Union 68 v. AstraZeneca Pharm., LP,*
634 F.3d 1352 (11th Cir. 2011) ...............................................7

*Kaimowitz v. The Fla. Bar,*
996 F.2d 1151 (11th Cir. 1993) ...............................................20

*Kee v. Baily,*
634 So. 2d 654 (Fla. 3d DCA 1994)........................................23

*Kimball v. The Fla. Bar,*
632 F.2d 1283 (5th Cir. 1980) .................................................17

*Leaf v. Supreme Court of Wis.,*
979 F.2d 589 (7th Cir. 1992),
*cert. denied,* 508 U.S. 941 (1993)............................................17

*Manders v. Lee,*
338 F.3d 1304 (11th Cir. 2003),
*cert. denied,* 540 U.S. 1107 (2004)..........................................20

*Mueller v. The Fla. Bar,*
390 So. 2d 449 (Fla. 4th DCA 1980)........................................22

*O'Connor v. The Fla. Bar,*
197 F. App'x 741 (10th Cir. 2006)............................................20

*O'Halloran v. First Union Nat'l Bank of Fla.,*
350 F.3d 1197 (11th Cir. 2003) ...............................14, 19, 22

*Otworth v. The Fla. Bar,*
71 F. Supp.2d 1209 (M.D. Fla. 1999)......................................10

*Parker v. Brown,*
317 U.S. 341 (1941).............................................................*passim*

*Patmon v. Mich. Supreme Court,*
224 F.3d 504 (6th Cir. 2000) ...................................................16

*Pennhurst State Sch. and Hosp. v. Halderman,*
    465 U.S. 89 (1984)..............................................................................20

*Purcell v. Toombs Cnty.,*
    400 F.3d 1313 (11th Cir. 2005) ................................................20, 21

*Ramos v. Tynan,*
    Case No. 9:98-cv-08783-WJZ (S.D. Fla.) .........................................2

*Rooker v. Fidelity Tr. Co.,*
    263 U.S. 413, 44 S. Ct. 149 (1923)..................................................14

*Sassower v. Mangano,*
    122 F.3d 1057, 1997 WL 557616 (2d Cir. 1997),
    *cert. denied,* 525 U.S. 872 (1998)..................................................17

*Sawyer v. Overton,*
    595 F.2d 252 (5th Cir. 1979) ...........................................................17

*Scott v. Frankel,*
    562 F. App'x 950 (11th Cir.), *cert. denied,*
    135 S. Ct. 265 (2014).......................................................................19

*Solomon v. Supreme Court of Fla.,*
    No. 03-7002, 2003 WL 1873939 (D.C. Cir. April 2, 2003)..............16

*Staley v. Ledbetter,*
    837 F.2d 1016 (11th Cir. 1988) .......................................................15

*Summit Med. Assocs. v. Pryor,*
    180 F.3d 1326 (11th Cir. 1999),
    *cert. denied,* 529 U.S. 1012 (2000)................................................21

*Tindall v. The Fla. Bar,*
    1997 WL 689636, 11 Fla. L. Weekly Fed. D312
    (M.D. Fla. Oct. 14, 1997),
    *aff'd,* 163 F.3d 1358 (11th Cir. 1998)..............................................16

*Torres v. Cal. Supreme Court,*
    35 F. App'x 649 (9th Cir. 2002) .......................................................16

*Varallo v. Supreme Court of Colo.,*
    176 F.3d 490, 1999 WL 140161 (10th Cir. 1999)............................16

*Wood v. Orange Cnty.*,
    715 F.2d 1543 (11th Cir. 1983),
    *cert. denied,* 467 U.S. 1210 (1984) ................................................................. 15

*Zabriskie v. Court Admin.*,
    172 F. App'x 906 (11th Cir. 2006) ................................................................. 21

**Statutes**

15 U.S.C. § 1 ................................................................................................................. 1

15 U.S.C. § 2 ................................................................................................................. 8

28 U.S.C. § 1291 .......................................................................................................... 1

**Other Authorities**

Art. V, § 15, Fla. Const. ............................................................................................ 22

Fed. R. Civ. P. 12(b)(1) .......................................................................................... 6, 7

Fed. R. Civ. P. 65(d) .................................................................................................. 1

R. Regulating Fla. Bar, Ch. 1 Introduction .............................................. 10, 11, 22

R. Regulating Fla. Bar 1-8.1 .................................................................................. 22

R. Regulating Fla. Bar 2-3.1 .................................................................................. 22

R. Regulating Fla. Bar 3-3.1 .................................................................................. 22

U.S. Const. amend. XI ..................................................................................... *passim*

# STATEMENT OF JURISDICTION

Appellant John Anthony Ramos filed his complaint in the United States District Court for the Southern District of Florida alleging jurisdiction under 15 U.S.C. § 1 (the Sherman Act), and Rule 65(d) of the Federal Rules of Civil Procedure. The Southern District entered an order on August 25, 2016, dismissing the complaint with prejudice. Ramos's notice of appeal was filed on September 7, 2016. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The appeal is from a final order that disposes of all parties' claims.

# STATEMENT OF THE ISSUES

I.  **Whether the district court correctly dismissed claims of the lawsuit with prejudice on the basis of the *Parker* doctrine, the *Rooker-Feldman* doctrine, and Eleventh Amendment immunity.**

# STATEMENT OF THE CASE

## Statement of the Facts

Ramos is an attorney who was disbarred in 1997 from the practice of law in Florida for a period of twenty years. *[Doc 93 – Pg 1]*; *see also In re Ramos,* 17 So. 3d 268 (Fla. 2009); *Fla. Bar v. Ramos,* 717 So. 2d 540 (Fla. 1998); *Fla. Bar v. Ramos,* 703 So. 2d 478 (Fla. 1997).[1] Following his disbarment, Ramos brought a lawsuit in 1998 in the United States District Court for the Southern District of

---

[1] Further detail pertaining to Ramos's disbarment in Florida is set forth in the case of *In re Anthony E. Ramos,* 860 A.2d 843 (D.C. Ct. App. 2004).

Florida against The Florida Bar, Florida Bar employees Kevin Tynan, Richard Liss and John Boggs, the Florida Supreme Court, and the Clerk of the Florida Supreme Court. [Doc 93 – Pg 2]; *Ramos v. Tynan, et al.,* Case No. 9:98-cv-08783-WJZ (S.D. Fla.). In his complaint, Ramos sought injunctive relief contending that his disciplinary proceedings deprived him of his constitutional rights. [Doc 38 – Pg 2]. The district court dismissed the action on the grounds that it did not have jurisdiction to review state court orders regarding the disbarment of attorneys. *Id.* Ramos appealed, but this Court dismissed the appeal for lack of prosecution. [Doc 93 – Pg 2].

Despite his disbarment until 2017, Ramos petitioned the Florida Supreme Court for readmission in 2007. *Ramos,* 17 So. 3d at 269. The petition was dismissed. *Id.* However, he proceeded to file twenty-four additional documents challenging his long-finalized disciplinary cases. *Id.* The numerous and inappropriate filings caused the Florida Supreme Court to issue sanctions directing its Clerk "to reject for filing any future pleadings, petitions, motions, notices, or other filings submitted by Anthony Eladio Ramos that are related to his judgments of disbarment or his potential readmission to the Florida Bar, unless the filings are signed by a member in good standing of The Florida Bar." *Id.* at 271. [Doc 93 – Pg 2].

Ramos has now filed another lawsuit in federal court in the Southern District of Florida against John Tomasino (the Clerk of the Florida Supreme Court), Thomas D. Hall (the former Clerk of the Florida Supreme Court), the Office of the Clerk of the Florida Supreme Court, the Florida Supreme Court, Florida Supreme Court Justice Barbara Pariente, The Florida Board of Bar Examiners, The Florida Bar, and Florida Bar employees Kevin Tynan, Richard Liss and John F. Harkness, Jr. (Appellees The Florida Bar, Tynan, Liss and Harkness are referred to herein collectively as "The Florida Bar Defendants"). This time, Ramos states that his claims are brought under the Sherman Act in addition to a request for injunctive relief. The stated basis for Ramos's allegations centers on the destruction of the Florida Supreme Court's files pertaining to the three Florida disciplinary proceedings brought against Ramos. Such files were destroyed "in accordance with approved destruction schedules." [Doc 1 – Ex. B]. Florida Rule of Judicial Administration 2.430 provides that court cases "involving individuals licensed or regulated by the court" are retained for 10 years. Fla. R. Jud. Admin. 2.430(c)(3)(B). Therefore, Florida Supreme Court Case SC60-89797, pursuant to which Ramos was disbarred on December 18, 1997, was destroyed on June 6, 2008 in accordance with the rule. Florida Supreme Court Cases SC60-91562 and SC60-91564, also pertaining to Ramos, were both disposed of on June 11, 1998. [Doc 50

– Pg 6]. Both files were destroyed on December 16, 2008 in accordance with the rule. *Id.*

Ramos alleges that he filed applications for admission to the District of Colombia and New York Bars but "is unable to certify either his identity or his status" with The Florida Bar. [Doc 1 – Pg 16 at ¶68. Ramos alleges that "[a]s a direct and proximate result of the said destruction of the records, the plaintiff faces great fear in pursuing his livelihood." [Doc 1 – Pg 39 at ¶ 165]. He alleges that upon admission to other jurisdictions he faces another disbarment if he does not produce the Florida records; that by not producing the Florida records he faces a denial of his admission to other jurisdictions for failing to be candid; and that by failing to produce the Florida records in the application process in other jurisdictions he faces further charges such as for fraud for obstructing an investigation of his background. *Id.* Ramos maintains that the only remaining record of his legal existence in Florida is the order dated April 2, 1981 admitting him to the Bar. [Doc 1 – Pgs 39-40 at ¶ 167].

Ramos asserts four counts in his Complaint:

Count I ("Violation of the Sherman Act by the Individual Defendants as a Group of Conspirators" is brought against Defendants/Appellees Tomasino, Tynan, Liss, Hall, Harkness and Pariente and alleges that these individuals "acted in a conspiracy to deny to the plaintiff his continuing ability to practice law, to

make application among the States, the Federal courts, and the District of Columbia . . . and to circumvent the regular process for filing documents on the record and for the destruction of files." [Doc 1 – Pg 33 at ¶ 149].

Count II ("Violation of the Sherman Act by the Institutional Defendants") is against the Defendants/Appellees the Office of the Clerk of the Florida Supreme Court, The Florida Supreme Court, The Florida Board of Bar Examiners, and The Florida Bar and alleges that these entities failed "to actively supervise the actions of the individual defendants . . . and are made a part of the combination and conspiracy to destroy plaintiff's disciplinary records, and therefore, did destroy said records." [Doc 1 – Pg 35-36 at ¶ 158].

Count III ("Motion for Mandatory Injunction Against the Institutional Defendants") seeking an order: (a) requiring the Florida Supreme Court "to affirmatively enter an order stating that 'Anthony E. Ramos has been a member in good standing before this Court since April 2, 1981'"; (b) requiring "the Office of the Clerk of Court to state that upon the request of any persons or entities, the Clerk of Court shall provide a certified copy of this Court's Order which states that the plaintiff has been a member in good standing since April 2, 1981"; (c) requiring The Florida Bar to, among other things, "remove from its website and its paper records, all references to the plaintiff's ineligibility as a member, and to replace same with the notation that the plaintiff has been an active member since

April 2, 1981"; and (d) requiring The Florida Board of Bar Examiners "to make a certified compliance with this court, stating that: 'Anthony E. Ramos is hereby declared to be a member in good standing of The Florida Bar since April 2, 1981' . . . ." [Doc 1 – Pgs 40-41 at ¶ 168].

Count IV ("Motion for Permanent Injunction Against All Defendants") seeking an order against all Defendants/Appellees "prohibiting the dissemination of any paper to any persons or entities other than this judgment and the judgment entered herein against" the Defendants/Appellees. [Doc 1 – Pgs 44-45 at ¶ 179].

<u>The Course of Proceedings and Disposition in the Court Below</u>

The Defendants/Appellees moved for dismissal of the complaint primarily under Rule 12(b)(1). [Docs 38, 50, 92]. On August 25, 2016, the district court entered an order dismissing the complaint with prejudice because (a) the Defendants/Appellees have immunity from Ramos's Sherman Act claims pursuant to *Parker v. Brown,* 317 U.S. 341 (1941); (b) the district court lacks jurisdiction to review a final state court decision pursuant to the *Rooker-Feldman* doctrine; and (c) the Defendants/Appellees have immunity pursuant to the Eleventh Amendment to the U.S. Constitution. Ramos filed his notice of appeal on September 7, 2016. [Doc 93].

## Standard or Scope of Review

This court reviews *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(1). *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP,* 634 F.3d 1352, 1359 (11th Cir. 2011).

## SUMMARY OF ARGUMENT

All of the conduct that Ramos complains of in his Complaint relates to either his disciplinary proceedings or the destruction of his disciplinary files. All such conduct was either taken by the Florida Supreme Court, on behalf of the Florida Supreme Court, at the direction of the Florida Supreme Court, or pursuant to Florida Supreme Court rule. Pursuant to the well-established state action doctrine, the Sherman Act does not apply to conduct performed or authorized by a state while acting under the state's sovereign authority. Therefore, the district court correctly dismissed this action on the basis of Sherman Act immunity.

Furthermore, the core of Ramos's complaint arises out of, and is inextricably intertwined with, the disciplinary proceedings brought against him and his disbarment pursuant to the final order of the Florida Supreme Court. Therefore, the district court properly dismissed Ramos's Complaint because it lacked jurisdiction under the *Rooker-Feldman* doctrine. The doctrine bars federal district courts from reviewing final decisions of state courts.

The district court is also barred from exercising jurisdiction by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits against a state agency and its agents in federal court actions except for actions seeking only prospective injunctive or declaratory relief to end violations of federal law. Here, Ramos couches his action in terms of prospective injunctive relief. However, in actuality, Ramos asked the district court to review action taken by the Florida Supreme Court with regard to his disbarment. Thus, the district court correctly dismissed the complaint on the basis of Eleventh Amendment immunity. Additionally, pursuant to established law, in the performance of disciplinary functions, The Florida Bar Defendants are entitled to absolute immunity. Ramos makes no specific factual allegations to indicate that The Florida Bar Defendants were acting outside the scope of their official duties in this matter.

## ARGUMENT

### I.  THE DISTRICT COURT CORRECTLY DISMISSED RAMOS'S COMPLAINT WITH PREJUDICE

A.  The Florida Bar Defendants Have Immunity From the Sherman Act Pursuant to *Parker v. Brown*

The Sherman Act makes it unlawful for a private individual or corporation to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several states." 15 U.S.C. § 2. However, it is a well-established rule of law –

known as the state action doctrine – that the Sherman Act does not apply to conduct performed or authorized by a state, while acting under the state's sovereign authority. *Parker v. Brown,* 317 U.S. 341, 350-51 (1943). *See also Askew v. DCH Reg'l Health Care Auth.*, 995 F.2d 1033, 1037 (11th Cir. 1993), ("the Supreme Court has held that the Sherman Act does not apply to the anticompetitive conduct of states acting as sovereigns"), *cert. denied*, 510 U.S. 1012 (1993).

Where an action was taken by a state supreme court pursuant to its rules, or by a state bar pursuant to a state supreme court's rules, the state action doctrine set forth in *Parker v. Brown* applies. In *Bates v. State Bar of Ariz.,* 433 U.S. 350 (1977), the Supreme Court found that the restraint upon attorney advertising imposed by the supreme court of Arizona was not subject to attack under the Sherman Act. The Court found that the challenged restraint was the affirmative command of the state supreme court through its rules. "That court is the ultimate body wielding the State's power over the practice of law and, thus, the restraint is compelled by direction of the State acting as a sovereign." *Bates,* 433 U.S. at 359-60 (internal citations omitted).

In *Hoover v. Ronwin,* 466 U.S. 558 (1984), an unsuccessful applicant for admission to practice law in Arizona brought an action against the committee on examinations and admissions under the Sherman Act for restraint of trade. The

United States Supreme Court found that the state supreme court necessarily delegated the administration of the admissions process to the committee, and under the court's rules the court itself retained the sole authority to determine who should be admitted to the practice of law. Thus, the court found that the challenged conduct was in reality that of the Arizona Supreme Court and such conduct was therefore exempt from Sherman Act liability under the state-action doctrine. *See also Foley v. Ala. State Bar,* 648 F.2d 355 (5th Cir. 1981) (attorney's anti-trust claims against the Alabama state bar, the bar president and the bar general counsel were barred by the Sherman Act's state-action exemption since disciplinary rules of the state bar were effectively rules of the state supreme court while bar was component of Alabama's judiciary subject to supervision by the state supreme court); *Otworth v. The Fla. Bar,* 71 F. Supp.2d 1209 (M.D. Fla. 1999) (finding "the Supreme Court of Florida has properly acted within its sovereign authority when enacting the Rules Regulating the Florida Bar… The Florida Bar is compelled to act, or refrain from taking action, by the Supreme Court of Florida . . . . the Florida Bar cannot be divorced from the Florida Supreme Court's exercise of its sovereign power.")

The Florida Bar is an official arm of the Florida Supreme Court, acting at all times under the supervision and control of the Court. *Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass'n,* 152 So. 2d 723, 726 (Fla. 1963); Ch. 1,

Introduction, R. Regulating the Fla. Bar; R. Regulating Fla. Bar 2-3.1 and 3-3.1. *See also Carroll v. Gross,* 984 F.2d 392 (11th Cir. 1993) (holding that members of the Florida Bar grievance committee "were acting as agents of the Florida Supreme Court"), *cert. denied,* 510 U.S. 893 (1993). To the extent that Ramos complains about activities with regard to his disciplinary proceedings, he makes no specific factual allegations to indicate that The Florida Bar Defendants were acting outside the scope of official duties as agents of the Florida Supreme Court involved in prosecuting a disciplinary case pursuant to court rules. Therefore, the challenged conduct is in reality that of the Florida Supreme Court and such conduct is exempt from Sherman Act liability under the state-action doctrine. *See Hoover,* 466 U.S. at 558; *Foley,* 648 F.2d at 355.

To the extent Ramos complains that The Florida Bar Defendants "acted in a conspiracy to deny to the plaintiff's continuing ability to practice law . . . as to the destruction of his disciplinary records," the complained-of conduct is likewise exempt from a Sherman Act claim pursuant to the state-action doctrine. Florida Rule of Judicial Administration 2.30(c)(3)(b), a rule adopted by the Florida Supreme Court,[2] provides that cases "involving individuals licensed or regulated by the court" are retained for 10 years. Therefore, Florida Supreme Court Case SC60-89797, pursuant to which Ramos was disbarred on December 18, 1997, was

---

[2] *See* Fla. R. Jud. Admin. 2.140(g).

destroyed on June 6, 2008 in accordance with the rule. Florida Supreme Court Cases SC60-91562 and SC60-91564, also pertaining to Ramos, were both disposed of on June 11, 1998. Both files were destroyed on December 16, 2008 in accordance with the rule. All files were destroyed by the State and at the direction of the Clerk of the Florida Supreme Court in accordance with a rule adopted by the Court. [Doc 1 – Exs. B and C]. Pursuant to the state-action doctrine, the Sherman Act does not apply to conduct as here that was performed or authorized by a state acting under the state's sovereign authority. *See Parker,* 317 U.S. at 350-51.

Ramos cites to *Goldfarb v. Va. State Bar,* 421 U.S. 773 (1975) in support of his argument that the Sherman Act applies. However, *Goldfarb* is distinguishable from the case at bar. In *Goldfarb*, the Supreme Court considered a minimum-fee schedule set by a county bar association and its enforcement by the state bar association. The fee schedule operated as a fixed, rigid price floor for fees for lawyers performing title examinations. Both bar associations argued that their actions were shielded by the state-action exemption. However, on review, the Supreme Court concluded that the action was not protected stating that "we need not inquire further into the state-action question because it cannot fairly be said that the State of Virginia through its Supreme Court Rules required the anticompetitive activities of either respondent." *Goldfarb,* 421 U.S. at 790. Here, as discussed above, conduct in question was taken by the Florida Supreme Court,

or at its direction, pursuant to its rules. Thus, *Goldfarb* is not applicable. Rather, the state action doctrine set forth in *Parker v. Brown* applies.

Ramos argues a lack of state supervision in the destruction of his disciplinary files and in this regard argues that the Court must apply the immunity test set forth in *California Retail Liquor Dealers Association,* 445 U.S. 97, 105 (1980) to this matter. *California Retail* provides that when a private party claims entitlement to the state-action exemption, a two-prong test is applied to ensure that the doctrine is used to immunize only those activities that are truly the product of state regulation. The prongs are: (1) "the challenged restraint must be one clearly articulated and affirmatively expressed as state policy," and (2) the conduct in question "must be actively supervised" by the State itself. *Id.* The test is reiterated in *Bolt Halifax Hospital Medical Center,* 851 F.2d 1273, 1281 (11th Cir. 1988), *vacated,* 891 F.2d 810 (11th Cir. 1990), a case also relied upon by Ramos in his brief. However, such reliance is misplaced. The requirement of active supervision only applies when a private party is claiming immunity from the Sherman Act. The Supreme Court has held that where, as here, "the conduct at issue is in fact that of the state legislature or supreme court, we need not address the issues of 'clear articulation' and 'active supervision.'" *Hoover,* 104 S. Ct. at 1989.

13

Therefore, the district court correctly dismissed this action with prejudice on the basis of state-action immunity to the Sherman Act. Furthermore, it is appropriate to dismiss a complaint with prejudice when it is apparent, as it is here, that any attempt at amendment would be futile. *See O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1206 (11th Cir. 2003).

B. Ramos's Action is Barred by *Rooker-Feldman*

The district court correctly found that Ramos's claims are barred by the *Rooker-Feldman* doctrine. It is well-established that federal district courts are barred by the doctrine from reviewing a final state court decision. *D. C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413 (1923). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281 (2005) (holding that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The review of final state court judgments rests solely with the United States Supreme Court. *Id.; Dale v. Moore,* 121 F.3d 624, 626-27 (11th Cir. 1997) (this Court holding that "it is clear that the *Rooker-Feldman* doctrine forbids frustrated Florida bar applicants from seeking an effective reversal of the Florida Supreme Court's decision in federal district court" and the authority to review such

decisions is reserved to the Supreme Court of the United States); *Berman v. Fla. Bd. of Bar Exam'rs,* 794 F.2d 1529 (11th Cir. 1986) (where action was "in reality a challenge to a state court judicial proceeding concerning the denial of a particular application for admission to the Florida Bar, we hold that his claim is within the jurisdiction of the United States Supreme Court rather than the original jurisdiction of the District Court").

The Court in *Feldman* held that if the federal claims presented to the federal district court are "inextricably intertwined" with the state court matter, then the district court "is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman,* 460 U.S. at 483 n.16. An exception exists for those inextricably intertwined federal claims which the plaintiff had no reasonable opportunity to raise in state court proceedings. *Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001).

The absolute mandate of the *Rooker-Feldman* doctrine has been often recognized by this Court. *E.g., Berman,* 794 F.2d at 1529; *Corbin v. Supreme Court of Fla.,* 233 F. App'x 917 (11th Cir. 2007), *cert. denied,* 552 U.S. 1111 (2008); *Dale*, 121 F.3d at 624; *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988); *Hollins v. Wessel*, 819 F.2d 1073 (11th Cir. 1987); *Wood v. Orange Cnty.*, 715 F.2d 1543 (11th Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984). Also, federal courts have consistently held that the *Rooker-Feldman* doctrine applies to attorney

disciplinary decisions by state courts and therefore, such decisions are not subject to review by federal district courts. *E.g., Tindall v. The Fla. Bar*, 1997 WL 689636, 11 Fla. L. Weekly Fed. D312 (M.D. Fla. Oct. 14, 1997) (district court had no jurisdiction pursuant to the *Rooker-Feldman* doctrine to hear case that essentially attacked investigative procedures in Florida attorney disciplinary matter), *aff'd,* 163 F.3d 1358 (11th Cir. 1998); *Solomon v. Supreme Court of Fla.,* No. 03-7002, 2003 WL 1873939 (D.C. Cir. April 2, 2003) (because suit was attempt to challenge collaterally the judgment of the Florida Supreme Court in an attorney disciplinary matter, it was barred by the *Rooker-Feldman* doctrine); *Torres v. Cal. Supreme Court,* 35 F. App'x 649 (9th Cir. 2002) (lawyer's attempt to plead his section 1983 action on behalf of all disabled attorneys and attorneys of color was in effect challenging the result of his individual disciplinary proceeding and was barred by the *Rooker-Feldman* doctrine); *Allstate Ins. Co. v. W. Va. State Bar,* 233 F.3d 813 (4th Cir. 2000) (*Rooker-Feldman* doctrine prevented district court's consideration of state bar committee's decision relating to unlawful practice of law); *Patmon v. Mich. Supreme Court,* 224 F.3d 504 (6th Cir. 2000) (attorney's constitutional claims were inextricably intertwined with state attorney disciplinary board's determination suspending attorney from practicing law and district court lacked jurisdiction pursuant to *Rooker-Feldman* doctrine); *Varallo v. Supreme Court of Colo.,* 176 F.3d 490, 1999 WL 140161  (10th Cir. 1999)

(*Rooker-Feldman* doctrine barred lawyer's action challenging that his constitutional rights had been violated in the process of his disbarment as an attorney); *Sassower v. Mangano,* 122 F.3d 1057, 1997 WL 557616 (2d Cir. 1997) (*Rooker-Feldman* doctrine barred district court action which would involve indirect review of the propriety of attorney disciplinary proceedings), *cert. denied,* 525 U.S. 872 (1998); *Leaf v. Supreme Court of Wis.,* 979 F.2d 589 (7th Cir. 1992) (attorney's civil rights action which attacked investigative procedures in disciplinary action was barred by the *Rooker-Feldman* doctrine), *cert. denied,* 508 U.S. 941 (1993). *See also Kimball v. The Fla. Bar*, 632 F.2d 1283 (5th Cir. 1980) (finding that the federal court had no jurisdiction over suit against The Florida Bar where the board of governors recommended disbarment after an investigation and hearing; finding that the power of review is reserved to the Supreme Court of the United States); *Sawyer v. Overton*, 595 F.2d 252 (5th Cir. 1979) (finding that action brought in federal court by Florida lawyer who was disciplined by an order of the Florida Supreme Court was only reviewable by the Supreme Court of United States).

Here, although couched in terms of Sherman Act claims, Ramos essentially seeks collateral review by a federal court of lawyer disciplinary decisions only properly made by the Florida Supreme Court and only reviewable by the United States Supreme Court. Specifically, in Counts III and IV of the Complaint, Ramos

seeks injunctive relief that would expressly invalidate the orders of disbarment and all other discipline imposed against him since his admission to The Florida Bar in 1981. And in Counts I and II, Ramos incorporates allegations asserting misconduct on behalf of The Florida Bar Defendants in one of the disbarment proceedings that concluded nearly 20 years ago. In this regard, Ramos alleges that his bar proceedings were tainted by the existence of a "secret fax sheet," a secret hearing, and/or a failure of adequate notice to Ramos of his then-counsel's motion to withdraw in the disciplinary action. [Doc 1 – Pgs 20-21, 33, 36 at ¶¶ 90, 91, 98-100, 149, 159(a))]. These allegations have been expressly addressed by the Florida Supreme Court:

> Ramos continues to present arguments regarding the petition for readmission case and his finalized disciplinary cases. For example, he asserts that the referee in one of his disciplinary cases held a secret hearing" with Bar counsel and his counsel, during which the referee permitted Ramos's counsel to withdraw from representation. Ramos claims his case proceeded before the referee for months, but no one informed him that his counsel had withdrawn.

*Ramos,* 17 So. 3d at 269-70 (rejecting Ramos's assertions and pointing out that all of Ramos's cases and substantive issues had already been disposed of; imposing sanctions for filing meritless documents).

At bottom, Ramos's entire action is based on conduct and actions that took place in connection with his disciplinary proceedings. The core of his case is not

independent of the specific decision to suspend him, nor is it independent of the relief he seeks in the form of reinstatement of his license to practice law. As such, the case is inextricably intertwined with claims regarding Ramos's disciplinary proceedings. Any review of this matter necessarily requires a review the Florida Supreme Court's disbarment of Ramos. Ramos's action is a not-so-thinly disguised attempt to have the district court and this Court review a decision only reviewable by the United States Supreme Court pursuant to the *Rooker-Feldman* doctrine. *See, e.g., Scott v. Frankel,* 562 F. App'x 950, 953-54 (11th Cir.) (holding that a claim for damages against individual defendants who were involved in the Florida Supreme Court's disciplinary suspension of the plaintiff from the practice of law was barred by the *Rooker-Feldman* doctrine as the claim was "inextricably intertwined" with the decision of the state court), *cert. denied,* 135 S. Ct. 265 (2014); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983) (dismissing Feldman's Sherman Act challenge to his denial of bar admission because it presented issues "inextricably intertwined" with state court's decision denying application for admission).

Accordingly, the *Rooker-Feldman* doctrine is applicable to this matter, and the district court correctly dismissed the complaint with prejudice. *See O'Halloran,* 350 F.3d at 1206.

C.   The Florida Bar Defendants are Immune From Suit
     Pursuant to the Eleventh Amendment

The Eleventh Amendment to the United States Constitution[3] bars suits against a state in federal court, whether for damages or injunctive relief, in the absence of a waiver by the state of its Eleventh Amendment immunity. *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89 (1984); *Edelman v. Jordon,* 415 U.S. 651 (1974).   The immunity extends to state agencies and other arms of the state and in this regard this Court has expressly held that The Florida Bar is entitled to Eleventh Amendment immunity.  *Kaimowitz v. The Fla. Bar,* 996 F.2d 1151, 1155 (11th Cir. 1993); *Brown v. The Fla. Bar,* 243 F. App'x 552 (11th Cir. 2007); *Geer v. Harkness,* 134 F. App'x 312, 313 n. 2 (11th Cir. 2005).  *See also O'Connor v. The Fla. Bar,* 197 F. App'x 741, 743 (10th Cir. 2006) (finding that The Florida Bar is entitled to Eleventh Amendment immunity).  Furthermore, this immunity extends to individual defendants who are agents, officials and officers of a state or an arm of the state.  *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003), *cert. denied,* 540 U.S. 1107 (2004).  *See also Purcell v. Toombs Cnty.,* 400

---

[3] The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

F.3d 1313, 1325-26 (11th Cir. 2005); *Zabriskie v. Court Admin.,* 172 F. App'x 906, 907-08 (11th Cir. 2006).

Ramos presents no credible factual allegations demonstrating that Appellees were acting outside the scope of official duties or pursuant to unconstitutional authority so as to provide a basis to conclude that Eleventh Amendment immunity does not apply to them. *See Cate v. Oldham,* 707 F.2d 1176, 1180-81 (11th Cir. 1983). Rather, the allegations made by Ramos relate to the prosecution of the disciplinary proceedings by The Florida Bar Defendants and other conduct by Appellees demonstrating nothing other than consistence with the performance of official duties. Furthermore, there is nothing in the record to show that any of the Appellees have waived their immunity or otherwise consented to suit.

This Court has recognized a narrow exception to Eleventh Amendment immunity in the case of actions seeking only prospective injunctive or declaratory relief to end violations of federal law. However, such exception does not apply here. *Fla. Ass'n of Rehab. Facilities v. State of Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1220 (11th Cir. 2000); *Summit Med. Assocs. v. Pryor,* 180 F.3d 1326, 1337 (11th Cir. 1999), *cert. denied,* 529 U.S. 1012 (2000). Ramos seeks for the Court to undo all discipline imposed against him. This relief is retrospective in nature and not prospective.

Therefore, the Florida Bar Defendants are entitled to Eleventh Amendment immunity here and the action was correctly dismissed against them with prejudice. *See O'Halloran,* 350 F.3d at 1206.

> D. The Florida Bar Defendants Are Protected by the Doctrine of Absolute Immunity

The district court correctly based its dismissal of the lawsuit upon the state-action doctrine, the *Rooker-Feldman* doctrine, and Eleventh Amendment immunity and the Court need not consider further argument to affirm the district court's order. However, as argued below, The Florida Bar Defendants are also protected by the doctrine of absolute immunity.

Pursuant to the Florida Constitution, the Florida Supreme Court has the exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted. Art. V, § 15, Fla. Const. The Florida Bar is an official arm of the Florida Supreme Court for the regulation of attorneys, acting at all times under the supervision and control of the Court. *See* Ch. 1 Introduction, R. Regulating Fla. Bar; R. Regulating Fla. Bar 1-8.1, 2-3.1 and 3-3.1. To this end, this Court has consistently held that in the performance of official functions, The Florida Bar and its employees are part of the judiciary and enjoy absolute immunity from liability in connection with such functions. *E.g., Cole v. Owens,* 766 So. 2d 287, 288 (Fla. 4th DCA 2000), *rev. denied,* 767 So. 2d 455 (Fla. 2000); *Mueller v. The Fla. Bar*, 390 So. 2d 449, 452-53 (Fla. 4th DCA 1980).

*See also Kee v. Baily,* 634 So. 2d 654 (Fla. 3d DCA 1994) ("The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties"); *Carroll,* 984 F.2d at 392 (defendants who were acting as agents of the Florida Supreme Court were entitled to absolute immunity from lawsuit). The immunity afforded to The Florida Bar is not a mere defense from liability, but immunity from suit. *Id.*

> [Absolute immunity is] based chiefly upon a recognition of the necessity that certain persons, because of their special position or status, should be as free as possible from fear that their actions in that position might have an adverse effect upon their own personal interests. To accomplish this, it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action.

*Cassell v. India,* 964 So. 2d 190, 194 (Fla. 4th DCA 2007) (citing *Fridovich v. Fridovich,* 598 So. 2d 65, 68 (Fla. 1992) (quoting Restatement (Second) of Torts § 584, at 243)).

As stated above, Ramos makes no specific factual allegations to indicate that The Florida Bar Defendants were acting outside the scope of official duties as agents of the Florida Supreme Court. Accordingly, the Florida Bar Defendants are absolutely immune from this lawsuit.

## CONCLUSION

For the foregoing reasons, the Court is respectfully urged to affirm the order of the district court.

> **GREENBERG TRAURIG, P.A.**
> 101 East College Avenue
> Tallahassee, Florida  32301
> Telephone:  (850) 222-6891
> Fax:  (850) 681-0207
> keatingh@gtlaw.com
>
> s/ M. Hope Keating
> **BARRY RICHARD**
> FLORIDA BAR NO. 105599
> **M. HOPE KEATING**
> FLORIDA BAR NO. 0981915
>
> *Attorneys for Appellees Kevin Tynan, Richard Liss, John F. Harkness, Jr. and The Florida Bar*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief was written in a proportionally spaced 14-point face and complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 5,483 words.

s/M. Hope Keating

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 3rd day of November, 2016, a true and correct copy of the foregoing was served by U.S. Mail upon:

> Anthony E. Ramos
> 1805 Key Blvd.
> Apt. 513
> Arlington, VA 22201
> 00aramos@gmail.com
> *Pro Se Appellant*

The foregoing was also filed with the court's ECF system which will provide service to the following counsel of record:

| | |
|---|---|
| Shane Weaver | James J. Dean |
| Sr. Asst. Attorney General | Robert J. Telfer III |
| Office of the Attorney General | Messer Caparello, P.A. |
| 1515 N. Flagler, Suite 900 | 2618 Centennial Place |
| West Palm Beach, FL 33401 | Tallahassee, FL 32308 |
| Shane.weaver@myfloridalegal.com | rtelfer@lawfla.com |
| *Counsel for Appellees John R.* | clowell@lawfla.com |
| *Tomasino, Thomas D. Hall, Barbara* | jdean@lawfla.com |
| *Pariente, The Florida Supreme Court* | tweiss@lawfla.com |
| *and the Office of the Clerk of Court of* | *Counsel for Appellee Florida Board* |
| *the Supreme Court of Florida* | *of Bar Examiners* |

s/M. Hope Keating